1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   RAY GUTIERREZ, JR., | )   Case No.: 1:14-cv-01753 AWI JLT |
| 12           Petitioner, | ) <br> )   FINDINGS AND RECOMMENDATIONS TO |
| 13       v. | )   DISMISS PETITION FOR LACK OF <br> )   EXHAUSTION |
| 14   R. GROVES, CDW Chairperson, | ) <br> )   ORDER DIRECTING THAT OBEJCTIONS BE |
| 15           Respondent. | )   FILED WITHIN TWENTY-ONE DAYS <br> ) |

16

17     Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18     corpus pursuant to 28 U.S.C. § 2254.

19                                              **PROCEDURAL HISTORY**

20          The instant petition was filed on November 10, 2014.  (Doc. 1).  A preliminary review of the

21     petition, however, revealed that the petition contained claims that have not been exhausted in state

22     court. Accordingly, on November 24, 2014, the Court issued an Order to Show Cause why the petition

23     should not be dismissed as completely unexhausted.  (Doc. 7).  The Order to Show Cause gave

24     Petitioner thirty days within which to file a response.

25          On December 10, 2014, Petitioner filed his response.  In that response, Petitioner contended

26     that he had already exhausted the claims in the California Court of Appeal and that he had filed a

27     habeas petition to exhaust the claims in the California Supreme Court on November 12, 2014, but the

28     high court had yet to rule on his petition.  (Doc. 7, p. 2).  The response also argues that Petitioner was

1    denied the effective assistance of counsel at trial and on appeal, that issues were not raised in his direct

2    appeal that should have been raised, and that Petitioner's "confusion" should not bar this federal

3    litigation.  (Doc. 7, p. 3).  Nowhere in the response, however, does Petitioner deny that all of the

4    claims in the instant petition are unexhausted.

5                                             **DISCUSSION**

6            A.  Preliminary Review of Petition.

7            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

8    it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

9    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

10   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

11   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

12   an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

13          B.  Exhaustion.

14          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

15   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

16   exhaustion doctrine is based on comity to the state, and gives the state court the initial opportunity to

17   correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731

18   (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.

19   1988).

20          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

21   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

22   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

23   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and

24   fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

25   factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1,

26   112 S.Ct. 1715, 1719 (1992) (factual basis).

27          Additionally, the petitioner must have specifically told the state court that he was raising a

28   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

1  Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999);

2  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court

3  reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

9  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

18  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v.

19  Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

20     Where none of a petitioner's claims has been presented to the highest state court as required by

21  the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154

22  (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). **The authority of a court to hold**

23  **a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been**

24  **extended to petitions that contain no exhausted claims**. Raspberry, 448 F.3d at 1154.

25     Here, Petitioner has indicated in his petition that **none** of his claims had been presented to the

26  California Supreme Court prior to filing of the petition. Accordingly, and despite the fact that

27  Petitioner's habeas petition seeking to exhaust these same claims is now pending in the California

28  Supreme Court, the Court must dismiss this petition because there are no exhausted claims therein.

1   See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v.

2   Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely

3   unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982);  Calderon, 107 F.3d at 760.

4                                        **RECOMMENDATION**

5          For the foregoing reasons, the Court RECOMMENDS that the petition be **DISMISSED** as

6   completely unexhausted.

7          This Findings and Recommendation is submitted to the United States District Court Judge

8   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

9   Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days**

10  after being served with a copy of this Findings and Recommendation, any party may file written

11  objections with the Court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be

13  served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The

14  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties

15  are advised that failure to file objections within the specified time may waive the right to appeal the

16  Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  IT IS SO ORDERED.

19     Dated:    **January 9, 2015**                      **/s/ Jennifer L. Thurston**
20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                                   4